## FRANK V. EVERDELL v. CAROLINE H. ADDISON AND OTHERS.[1]

April 20, 1917.

Nos. 20,132—(45).

**Judgment — vacating default warranted.**

Action to determine adverse claims. Plaintiff had judgment by default.

[1] Reported in 162 N. W. 352.

The default was occasioned by a misunderstanding by defendant's attorney as to defendant's interest in the land. The trial court vacated the judgment. A showing was made of a meritorious defense and the excuse for the default was such that the order vacating the judgment was within the discretion of the trial court.

From an order, Flaherty, J., of the district court for Wilkin county, granting the motion of defendant Caroline H. Addison to vacate a judgment entered against her by default and granting her leave to serve and file her proposed answer, provided she paid plaintiff's attorney the sum of $20, plaintiff appealed. Affirmed.

*Henry G. Wyvell,* for appellant.

*Lewis E. & D. J. Jones,* for respondent.

HALLAM, J.

Plaintiff brought this action to determine adverse claims to blocks 473 and 474 in the city of Breckenridge. Only block 474 is in controversy between the parties to this appeal. Defendant Caroline H. Addison is a nonresident of this state and service of summons was made upon her by publication and mailing of a copy. On receipt of the summons she sent the same to attorneys in Minneapolis, Minnesota.

It appears that defendant's father, Franklin Steele, now deceased, owned an interest in considerable land in Wilkin county, including what is now block 474, as cotenant with one Wells. Steele died many years ago, his estate was probated and the probate court divided the real estate of Steele and Wells, setting off specific parcels to the heirs of Steele, and specific parcels to Wells. The parties acquiesced in this division and defendant from time to time made conveyance of land so assigned to her. The partition proceeding was apparently irregular, and, by reason of that fact, a number of actions to quiet title to premises so conveyed by defendant had from time to time been commenced, and in such actions she has been named as a defendant. Such actions she had not defended.

When defendant's Minneapolis attorneys received from her the summons in this action they wrote to plaintiff's attorney as follows: "Will you please advise us whether Mrs. Addison is the apparent owner of the

land described in your complaint and also what the actual facts as to ownership are? We do not desire to appear in the case or make any contest, if your client is clearly entitled to his relief."

In answer to this plaintiff's attorney wrote, stating that plaintiff's father and himself had farmed and cultivated this land since 1892; that plaintiff's father had received a deed from defendant and her husband covering the east half of the northeast quarter of the northeast quarter of section 9 in township 132, range 47, "which includes most of the land described in the complaint;" that one of the blocks was not included in any of Mrs. Addison's land; that plaintiff had a deed to part of this block, and that there was only part of one of the blocks that in any way affected Mrs. Addison. The statements in this letter were somewhat involved, and, while probably not intended to mislead, they did lead the Minneapolis attorneys into the belief that defendant's interest in the land involved had been deeded by her and they advised her not to defend the action. She accordingly did not defend and judgment was entered quieting title in plaintiff to both blocks 473 and 474.

Defendant permitted the matter to rest for some six months after the entry of judgment, and then wrote her present attorneys to look up the records in Wilkin county and advise her as to the record title of the various tracts of land owned by her in Wilkin county, including said block 474. These attorneys discovered the entry of the judgment in this action, and also discovered that the record title to the major portion of block 474 was, but for this judgment, in defendant. After corresponding with defendant, they made application to have the judgment vacated. The trial court vacated the judgment and plaintiff appeals. It appears that, in fact, the deed from defendant covered only a small part of block 474, and that the title of the plaintiff to the balance rests entirely upon a claim of adverse possession. The adverse possession is denied. Defendant has paid taxes on this land continuously for more than 30 years.

The motion to vacate the judgment appealed to the discretion of the trial court. The affidavits make an unquestioned showing of a meritorious defense. The showing so far as it relates to excuse for not interposing an answer and for failure to proceed earlier to vacate the judgment, is not a strong one. It is unfortunate that we have no affidavit from defendant herself. Many of the facts involved, however, are within the

knowledge of one or the other of the attorneys who acted for her, and they made affidavits as to such facts. We are of the opinion that the excuse for the default was such that it was within the discretion of the trial court to vacate the judgment and that the order granting such relief should stand.

Order affirmed.